IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

DISTRICT COURT
F I L E D
MAY - 6 2011

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

Robert M. Winn, Trustee of )
the Martha Ann Winn Irrevocable Trust )
dated July 19, 1994, )
 )
                Plaintiff, )  CJ-2011-02603
 )  Case No.
vs. )
 )
John Hancock Life Insurance Company (USA) )  LINDA G. MORRISSEY
and Wilbanks Securities, Inc., )
 )
                Defendants. )

## PETITION

Plaintiff, Robert M. Winn, Trustee of the Martha Ann Winn Irrevocable Trust dated July 19, 1994, for cause of action against Defendants John Hancock Life Insurance Company (USA) and Wilbanks Securities, Inc., alleges and states as follows:

1.    Robert M. Winn is Trustee of the Martha Ann Winn Irrevocable Trust dated July 19, 1994.

2.    Defendant, John Hancock Life Insurance Company (USA) is a foreign corporation doing business in the State of Oklahoma.

3.    Defendant, Wilbanks Securities, Inc. is an Oklahoma corporation with its principal offices located at 4334 Northwest Expressway, Suite 222, in Oklahoma City, Oklahoma.

4.    Plaintiff is the owner of a Flexible Premium Variable Life Insurance Policy issued by Defendant, John Hancock Life Insurance Company (USA) (Originally purchase from Manulife and Manulife evidently sold in 2004/5 time frame to John Hancock), No. 57057457, on



September 27, 1994, which insured the life of Martha Ann Winn in the amount of $334,000.00. ("the Policy")

5. Defendant, Wilbanks Securities, Inc. was the broker/dealer/agent of John Hancock Life Insurance Company (USA) in regards to the policy.

6. Martha Ann Winn died a resident of Tulsa County, Oklahoma on the 1st day of March, 2009.

7. Jurisdiction and venue are proper in this Court.

**First Cause of Action**
**(Breach of Contract)**

8. The policy issued by John Hancock Life Insurance Company (USA) (originally Manulife) lapsed for non-payment of premium due on May 27, 2009.

9. A "Policy Termination Warning Notice" dated May 27, 2009, was mailed by John Hancock Life Insurance Company (USA) to Robert M. Winn, Trustee, 6800 S. Granite Ave., #501, Tulsa, Oklahoma 74136. The policy had a cash value sufficient to pay the premium on this date.

10. A "Lapse Termination Notice" dated June 5, 2009 was mailed by John Hancock Life Insurance Company (USA) to same address as set forth above in ¶ 9.

11. The acknowledged hand written change of address form from Scott Winn, dated February 2, 2004 (referenced in the John Hancock submittals to Oklahoma Insurance Commission) is correctly showing the recipient and address to be:

> Martha Ann Winn
> 6800 S. Granite Ave, #501
> Tulsa, OK 74136
> Policy #67057457

2

12. The "Notice of Premium Due" dated March, 27, 2009 was not addressed to Martha Ann Winn, but rather as follows:

> Robert M. Winn, Trustee
> 6800 S. Granite Ave, #501
> Tulsa, OK 74136

13. The change of address Plaintiff requested did not get recorded correctly by John Hancock.

14. Martha Ann Winn originally lived at her single family dwelling at:

> 3918 E. 64th Street
> Tulsa, OK 74136

15. When Martha Ann Winn moved to the retirement home at 6800 S. Granite Ave., she occupied apartment #501. As her health deteriorated, she moved within the facility into the Assisted / Alzheimer's / Nursing care wing of the facility. She still resided at 6800 S. Granite Ave but did not receive mail address to apartment #501.

16. At this time Scott Winn, acting as Power-of-Attorney, submitted change of address requests to John Hancock, ING, Allianz, etc. with a corresponding and mail forwarding request to the post office to continue receiving all of her mail directly at his place of business, 3935 North Lewis, Tulsa, OK 74110.

17. As a result of John Hancock failing to record the change of address correctly and with the Trustee's name only on the correspondence, the post office did not forward any communication from John Hancock Life Insurance Company (USA) us since the 2004/2005 era because it did not identify the recipient of mail as Martha Ann. Winn. John Hancock has refused to pay the death benefit in violation of the terms of the contact.

WHEREFORE, Plaintiff seeks judgment against Defendant, John Hancock Life Insurance Company (USA) for breach of contract and negligence in the amount of $334,000.00, interest,

costs and attorneys fees.

## Second Cause of Action
### (Negligence)

18. The original Broker / Agent was Mr. Hoyit Bacon and the replacement Broker / Agent is Mr. Aaron Wilbanks.

19. The Broker / Agent, Mr. Aaron Wilbanks made no effort or attempt to contact Martha Ann Winn as Trustee, or Power-of-Attorney, Scott Winn to notify of a pending Lapse in the Policy without payment of the premium.

20. Wilbanks admits that they, as Broker / Dealer do not send out lapse notices or place phone calls to the policy holder as the insurance company performs this task.

21. As with both the ING and Allianz policies, the policy has a provision in the contract that the Agent has a requirement to notify the policy holder of a pending lapse in policy.

22. There had not been a premium payment due or made since 1998. The Trustee was not expecting to have to fund this policy with new premiums since the last premium due was over ten years ago. The single missed premium payment was a total of $3,044.77, due less than 1 year prior to Martha Ann Winn's death. The ING and Allianz policies, also sold by Wilbanks, could easily have been utilized to cover the $3K premium due and with full visibility of the Broker / Agent, Aaron Wilbanks, as he was also the named Broker / Agent on all of the policies. Aaron Wilbanks He could have recommend or caused to have the payment made from either the ING or Allianz account. The Plaintiff could have and would have made the $3K premium payment if Plaintiff had received the notice or were contacted by the Broker / Agent or the John Hancock Insurance company itself.

23. The change of address request made of both ING and Allianz were made at and the same time as the John Hancock request. Both of these policies reflect the correct change of

addresses and reflect Martha Ann Winn's name in the address as originally provided by Scott Winn. Plaintiff continued to receive policy statements from ING and Allianz without any assistance from Mr. Aaron Wilbanks the Broker / Agent. The John Hancock notice of address change simply did not get recorded correctly by John Hancock and Aaron Wilbanks never contacted Robert M. Winn Trustee or Scott Winn Power of Attorney of pending lapse.

24. John Hancock's records indicate there were no premiums due after 1998 until 2009. John Hancock has produced just ONE lapse notice and that was dated June 5, 2009. John Hancock records indicate this policy was in no danger at the time of needing additional funding.

25. Wilbanks had no intention of serving these policies. It also seems obvious that at the time he assumed the role and responsibility of the Broker / Dealer / Agent over these accounts, he could have easily assigned it to someone else instead of himself personally. None of these communications and the recommendations to transfer these accounts were ever reduced to writing by either Aaron or Randy Wilbanks.

26. Aaron Wilbanks personally never called ING, Allianz or John Hancock to pursue reinstatement of the John Hancock life insurance policy once Plaintiff found it had lapsed after the death of Martha Ann Winn.

27. In summary, Plaintiff alleges that Aaron Wilbanks, the agent of record on all of Martha Ann Winn's accounts, simply never performed his duties or responded to the Trustee's inquiries after her death. It should also be noted that since the censure of Wilbanks Securities, after their Agent, Hoyit Bacon was suspended by the Oklahoma Securities and Exchange commission for stealing money from Martha Ann Winn, that no one from Wilbanks has ever contacted Plaintiff.

WHEREFORE, Plaintiff seeks judgment against Wilbanks Securities, Inc. for negligence and breach of fiduciary duty in the amount of $334,000.00, accrued interest, costs, attorney's fees and for all other relief as may be necessary and just.

Respectfully Submitted,

Morrel Saffa Craige, P.C.

_____
James R. Hicks, OBA No. 11345
3501 South Yale Avenue
Tulsa, Oklahoma 74135-8014
(918) 664-0800          663-1383 Fax
Email: jim@law-office.com
*Attorneys for Plaintiff*

VERIFICATION

State of Oklahoma   )
                    ) ss
County of Tulsa     )

Robert M. Winn, of lawful age and being first duly sworn, states that he has read the foregoing Petition; that he is familiar with the contents thereof, and that the allegations set forth therein are true and correct.

_____
Robert M. Winn

Subscribed and sworn to before me this __6__ day of __May__, 2011.

_____
Notary Public

[SEAL]

CHRISTINE P CREWS
Notary Public
State of Oklahoma
Commission #10010107
Expires: December 06, 2014