IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SCOTTSDALE INSURANCE CO., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-11-1474-C |
| ) | |
| WILBANKS SECURITIES, INC., and ) | |
| ROBERT M. WINN, TRUSTEE OF THE ) | |
| MARTHA ANN WINN IRREVOCABLE ) | |
| TRUST DATED JULY 19, 1994, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION AND ORDER

Plaintiff filed the present action seeking a declaratory judgment regarding its obligations to indemnify and/or defend an action brought by Defendant Robert M. Winn, Trustee of the Martha Ann Winn Irrevocable Trust Dated July 19, 1994 ("Winn"), against Defendant Wilbanks Securities, Inc. ("Wilbanks"). Plaintiff is an insurance company that provided an errors and omissions policy to Wilbanks during the years 2010 and 2011. Winn was a customer of Wilbanks and had purchased a life insurance policy through that entity. That life insurance policy lapsed on May 27, 2009, due to non-payment of premium.[1] In April of 2010, Robert Winn inquired of Wilbanks the status of the policy. Mr. Winn was informed that the policy had lapsed due to non-payment. It is at that time that the actions giving rise to the present suit began.

On May 17, 2010, Winn sent a letter to Wilbanks asking for the benefits due under the policy. On July 22, 2010, Wilbanks was notified that Winn had filed a complaint with the

---

[1] The policy insured the life of Martha Winn, who died in March of 2010.

Oklahoma Department of Securities about the lapsed insurance policy. On August 10, 2010, Wilbanks responded to the Oklahoma Department of Securities and stated, in relevant part, that Winn will "likely suit [sic] us." On July 13, 2010, Winn filed a request for assistance with the Oklahoma Insurance Department and on August 16, 2010, Wilbanks responded. Again saying, in pertinent part, that Winn will "likely suit [sic] us." Ultimately, Winn filed a lawsuit against Wilbanks in the District Court in and for Tulsa County, Oklahoma. Plaintiff then initiated this action, seeking a declaration that it owed no duty to Wilbanks under the relevant insurance policy or policies. In support of its arguments Plaintiff has filed the present Motion for Summary Judgment, asserting that the undisputed material facts entitle it to relief.[2]

## STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings and affidavits show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "[A] motion for summary judgment should be granted only when the moving party has established the absence of any genuine issue as to a material fact." Mustang Fuel Corp. v. Youngstown Sheet & Tube Co., 561 F.2d 202, 204 (10th Cir. 1977). The movant bears the initial burden of demonstrating the absence of material fact requiring judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A fact is material if it is essential to the proper disposition of the claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If the movant carries this initial burden, the nonmovant

---

[2] Plaintiff's motion seeks judgment against all Defendants. Winn has neither responded to the summary judgment motion nor sought additional time to respond. Because the well supported facts support entry of judgment as to all Defendants same will be entered.

must then set forth "specific facts" outside the pleadings and admissible into evidence which would convince a rational trier of fact to find for the nonmovant. Fed. R. Civ. P. 56(e). These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." Celotex, 477 U.S. at 324. Such evidentiary materials include affidavits, deposition transcripts, or specific exhibits. Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir. 1992). "The burden is not an onerous one for the nonmoving party in each case, but does not at any point shift from the nonmovant to the district court." Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 672 (10th Cir. 1998). All facts and reasonable inferences therefrom are construed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## ANALYSIS

The Court's task in this action is to examine the terms and language of the insurance contract and determine if questions of fact exist on the issue of the availability of coverage for Winn's claims.

> Oklahoma's extant jurisprudence demarcates guidelines for ascribing meaning to an insurance policy's terms. Basically, an insurance policy is a contract. *When its terms are unambiguous and clear*, the employed language is accorded its ordinary, plain meaning and enforced so as to carry out the parties' intentions. In this process we are mindful that an insured and insurer are free to contract for that quantum of coverage which one is willing to extend and the other is willing to purchase. The parties are bound by the terms of their agreement and the Court will not undertake to rewrite the same nor to make for either party a better contract than the one which was executed.

Bituminous Cas. Corp. v. Cowen Constr., Inc., 2002 OK 34, ¶ 9, 55 P.3d 1030, 1033 (emphasis in original) (footnotes omitted).  See also Idg, Inc. v. Continental Cas. Co., 275 F.3d 916, 921 n.2 (10th Cir. 2001).

The policy issued by Plaintiff was a "claims made" policy.  Under a claims made policy, "'coverage is only triggered when, during the policy period, an insured becomes aware of and notifies the insurer of either claims against the insured or occurrences that might give rise to such a claim.'"  State ex rel. Crawford v. Indem. Underwriters Ins. Co., 1997 OK CIV APP 39, ¶ 4, 943 P.2d 1099, 1100 (quoting LaForge v. Am. Cas. Co. of Reading, Pa., 37 F.3d 580, 583 (10th Cir. 1994)).  It is the notice of the event that invokes coverage under the policy.  Id.

**1. 2010 Policy**

The first question is whether or not Wilbanks is entitled to coverage under the 2010 policy.  Plaintiff argues that Wilbanks is not because Plaintiff did not receive notification of the claim during the time of that policy.  According to Plaintiff, Wilbanks did not notify it of the existence of a claim by Winn until May 27, 2011, as it was on this date that Wilbanks notified Plaintiff of the Winn lawsuit.  Wilbanks denies this assertion and argues that it included notice of the claim on a supplemental information form it supplied during its application for renewal of the policy in December 2010.  According to Wilbanks, in completing the "*Renewal* Application for 'Claims-Made and Reported' Security Broker / Dealer Professional Liability Insurance," it identified the existence of Winn's claim in paragraph 7d. of Part VII.  See Ex. E to Defendant's Response to the Motion for Summary Judgment (Dkt. No. 21).  That portion of the application directed Wilbanks to list the number of notices, letters, and complaints received

4

by the compliance department, and the amount paid in settlement for the 2009 and 2010 calendar years.

While arguably there is some information in the referenced paragraph about the Winn claim, ultimately Wilbanks' argument is without merit. The "notice" given is insufficient under the clear and unambiguous terms of the policy. Section VII of the policy attached as Exhibit 2 to Plaintiff's Motion for Summary Judgment sets forth the duties in the event of an error, omission, claim, or suit, as set out in paragraph (B). That paragraph states:

> Duties In The Event Of Error, Omission, Claim Or Suit. As soon as an insured knows of an alleged "wrongful act" which may result in a "written claim" covered by this policy, the insured must give us written notice as soon as practicable of the details of the "wrongful act", including the circumstances giving rise to the "wrongful act", a description of the services provided or that should have been provided, the name and address of any potential claimant and the type and amount of injury suffered by said claimant. Include as many details as possible. If a "written claim" is made or "suit" is brought against an insured, the insured, as a condition precedent to our obligations under this policy, must immediately send us every demand, notice, summons or other process relating to said claim or "suit", provided, except as provided in SECTION II A. 3. or SECTION VII K, in no event shall such "written claim" or "suit" be accepted by us later than the last day of the insured's "policy period". *All notices called for in this paragraph must be provided to us by a separate document, and not just as part of a renewal application for insurance. The insured shall authorize us to obtain all records and other information we deem necessary for the settlement, negotiation or defense of a "written claim" or "suit".*

(Dkt. No. 16, p. 9 of 12.) (emphasis added). Under the governing law, "[t]he interpretation of an insurance contract and whether it is ambiguous is a matter of law for the Court to determine and resolve accordingly." Dodson v. St. Paul Ins. Co., 1991 OK 24, ¶ 12, 812 P.2d 372, 376; see also Harjo Gravel Co. v. Luke-Dick Co., 1944 OK 268, 153 P.2d 112. The above language is clear and unambiguous and expressly rejects the idea that information in an application can

satisfy the duty to report a claim. Thus, Wilbanks' reliance on the "report" made in the application is insufficient to have satisfied its obligations and duties under the policy in terms of making a claim.

As an alternative, Wilbanks argues that it cannot be tasked with having provided notice to Plaintiff as it was unaware that Winn was in fact going to make a claim. According to Wilbanks, Winn has a long history of making hollow threats and contacting regulatory agencies to complain of services provided by Wilbanks. Fatal to this argument is Wilbanks' own language in response to Winn's action. Both to the Oklahoma Department of Securities and the Oklahoma Department of Insurance, Wilbanks noted that Winn was likely to "suit" [sic] it. As the above referenced policy paragraph notes, the insured, here Wilbanks, was required to give notice as soon as it was aware of an act which "may result" in a claim against the policy. Wilbanks' own language makes clear that it was aware of the potential of a claim by Winn. Accordingly, it was obligated under the plain language of the policy to provide the required notice to Plaintiff.

Because the policy is a claims made policy, coverage is triggered on the date the insured first becomes aware of the potential of a claim. Because Wilbanks became aware of the potential claim in 2010, it was obligated under the policy to notify Plaintiff of that claim during the 2010 policy year. As noted above, Wilbanks failed to provide proper notice or make a claim as required under the policy. Consequently, Plaintiff is entitled to a determination that it owes no duty to defend or indemnify under the 2010 policy.

### 2.  2011 Policy

Having resolved the purported "notice" given in 2010, Wilbanks is left with its only proper notice being given in 2011. Because the 2011 notice provided by Wilbanks arose from actions known in 2010, no coverage is available under the 2011 policy. As the Oklahoma Court of Appeals noted in Crawford, it is notice of the event that invokes coverage under the policy. Notice to the provider is crucial because "allowing actual notice beyond the policy period would 'constitute [] an unbargained for expansion of coverage, gratis, resulting in the insurance company's exposure to a risk substantially broader than that expressly insured against in the policy.'" 1997 OK CIV APP 39, ¶ 4, 943 P.2d at 1100 (quoting LaForge, 37 F.3d at 583). The Oklahoma Court of Civil Appeals further clarified "'coverage is only triggered when, during the policy period, an insured becomes aware of and notifies the insurer of either claims against the insured or occurrences that might give rise to such a claim.'" Id. Because Wilbanks was aware of the claim in 2010 but did not report it until 2011 it is not entitled to coverage under the 2011 policy. Therefore, Plaintiff is entitled to judgment on any claim under the 2011 policy.

### 3.  Validity of Winn Claim

Wilbanks' other arguments center upon the purported frivolousness or lack of merit in any alleged suit by Winn and the good faith belief that Wilbanks would prevail in any such suit. Those feelings, whether or not accurate, are immaterial. Wilbanks stated a belief that suit was likely. Whether or not that suit was meritorious does not control whether or not Wilbanks had

an obligation to timely notify its insurance company if it expected that entity to provide coverage for any claim and defense for any against any claim.[3]

## **CONCLUSION**

Because Wilbanks did not timely notify Plaintiff of the potential claim by Winn, coverage is unavailable under either the 2010 or 2011 policy. Accordingly, Plaintiff's Motion for Summary Judgment (Dkt. No. 16) is GRANTED. Plaintiff is not required to indemnify or defend Wilbanks in the underlying action brought by Winn. A separate judgment will issue. Plaintiff's Motion to Strike (Dkt. No. 24) is MOOT.

IT IS SO ORDERED this 17th day of May, 2012.

_____
ROBIN J. CAUTHRON
United States District Judge

---

[3] To the extent Wilbanks asks for additional time for discovery under Fed. R. Civ. P. 56(d), its request fails to include sufficient information and therefore it is denied. See Shayesteh v. Raty, 404 F. App'x 298, 301 (10th Cir. 2010) ("When a party opposing summary judgment wishes to obtain more time for discovery, however, Fed. R. Civ. P. 56(d) (formerly Rule 56(f)) requires that party to file an affidavit 'specifi[ying] [the] reasons [why] it cannot present facts essential to justify its opposition,' and this duty requires the moving party to identify "(1) the probable facts not [now] available, (2) why those facts cannot be presented currently, (3) what steps have been taken to obtain these facts, and (4) how additional time will enable [the party] to obtain those facts and rebut the motion for summary judgment.'") (quoting Valley Forge Ins. Co. v. Health Care Mgmt., 616 F.3d 1086, 1096 (10th Cir. 2010)).